*Tagged Opinion*



**ORDERED in the Southern District of Florida on November 15, 2021.**

**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

IN RE:

JEFFREY ALLEN SNYDER
and NOILYN SARAY SNYDER,

      Debtors.
_____/

CASE NO.: 21-18807-LMI

Chapter 13

### ORDER DENYING DEBTORS' REQUEST FOR FEES

This matter came before the Court for hearing on October 12, 2021 (the "Hearing") on Debtors' request for fees incurred by virtue of the filing by LVNV Funding, LLC and Resurgent Capital Services (collectively the "Creditor") of a time-barred claim. The Debtors claim they are entitled to fees pursuant to Fla. Stat. §57.105. Because the Debtors have failed to cite to any support for a fee award under section 57.105(1) and because section 57.105(7) is not applicable, the request for fees is DENIED.

1

The Debtors, Jeffrey and Noilyn Snyder (the "Debtors") filed this chapter 13 bankruptcy case on September 10, 2021. The Creditor filed a proof of claim in the amount of $952.12, listing an undifferentiated debt that was due in 2003 (the "POC"). The Debtors filed an objection to the POC (ECF #20) (the "Objection") pointing out that the underlying debt was time barred, and "in response to creditor's filing of an incorrect and/or improper proof of claim" requested attorney's fees and costs "pursuant to Florida Statute, Section 57.105." The Creditor filed a response (ECF #39), acknowledging the POC would be withdrawn[1] but objecting to the request for fees and costs under either section 57.105(1) or section 57.105(7).[2]

Fla. Stat. §57.105(1)[3] is somewhat equivalent to Fed. R. Bankr. P. 9011. *See Mullins v. Kennelly,* 847 So. 2d 1151, 1154 (Fla. 5th DCA 2003) (stating that section 57.105 was modeled upon Federal Rule of Civil Procedure 11). Bankruptcy Rule 9011 is substantially identical to Federal Rule of Civil

---

[1] Ultimately the Court entered an order sustaining the Objection and reserved jurisdiction on the fee issue. *Order Sustaining Debtors' Objection to Claim No. 1 Filed By LVNV Funding, LLC* (ECF #50).
[2] At the Hearing, Debtors' counsel clarified that he was relying solely on section 57.105(7) for an award of fees.
[3] Section 57.105(1) provides:
> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
> (a)  Was not supported by the material facts necessary to establish the claim or defense; or
> (b)  Would not be supported by the application of then-existing law to those material facts.

Fla. Stat. §57.105(1).

Procedure 11. It is designed to deter, and sanction, frivolous claims. *See Lopez v. Hall,* 233 So. 3d 451, 453 (Fla. 2018). In the Objection, Debtors asserted the claim was improper because it was time-barred. In the case of *Midland Funding, LLC v. Johnson,* 137 S. Ct. 1407 (2017), the Supreme Court held that the filing of a time-barred proof of claim in a chapter 13 case is not a violation of the Fair Debt Collection Practices Act ("FDCPA").[4]  In so holding, the Supreme Court noted, as an initial matter, that, claims are "a right to payment", that "a right to payment" is determined generally by state law, and that, under Alabama state law "a creditor has the right to payment of a debt even after the limitations period has expired." While this certainly leaves open the issue of an FDCPA violation if a creditor is prohibited under applicable state law from filing a time barred claim, the Debtors did not cite to any Florida law that prohibits a creditor from seeking payment of a time barred claim (in most instances the statute of limitations is an affirmative defense which, if not raised, is waived). Nor could the Court find any statute or case that holds that Florida law has such an absolute prohibition, even in the case of collecting a consumer debt.

      Fla. Stat. §57.105(7) is a fee shifting statute.  It provides that "[i]f a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract."  However, the Debtors

---

[4] This judge believes *Midland Funding* was wrongly decided and agrees with Justice Sotomayor's dissent.  However, this judge's opinion, when it conflicts with the Supreme Court, is irrelevant.

3

have not identified any contract that gives either party the right to claim attorney fees. Consequently, section 57.105(7) cannot apply. *See Levy v. Levy,* 2021 WL 4614308 (Fla. 2021) holding that section 57.105(7) must be strictly construed in accordance with its unambiguous language. Because the Debtors cannot identify a unilateral contractual provision that would entitle the Creditor to attorney fees, the Debtors are not entitled to seek fees under that statute. *See In re Lillian May Francis* (Case No. 21-18848-SMG, at ECF #37).

Because the Debtors have not been able to identify any basis upon which they are entitled to seek attorney fees, the Debtors' request is DENIED.

# # #

Copies furnished to:
Michael A. Frank, Esq.
Gary J. Lublin, Esq.

*Attorney Lublin is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*